FIFTH DIVISION

NOVEMBER 12, 2004

No. 1-03-2518

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 02 CR 27076 

)

EDWARDO MUNIZ, ) Honorable

) John J. Moran,

Petitioner-Appellant. ) Judge Presiding.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Edwardo Muniz was found guilty of threatening a public official. The trial court sentenced Muniz to 6 months in the Cook County Jail (time actually served) and 30 months of probation.  Defendant now appeals his conviction and sentence.

The record discloses the following facts.  Cynthia Johnson, a custodian at the Roosevelt Branch of the Chicago Public Library (CPL), testified that on October 15, 2002, defendant entered the building wearing army fatigues and a headband.  Johnson had a conversation with defendant, during which he said he had worked for the CPL for approximately 20 years, but had recently lost his job because he was not keeping up with his rehabilitation program.  Johnson testified that defendant talked about the people in his life who had hurt him and "wished they could feel his pain.”

Johnson testified that defendant said that he wanted to shoot Karen Danzak-Lyons, the First Deputy Commissioner of the CPL, explaining that he did not want her to die, but to suffer.  According to Johnson, defendant blamed Danzak-Lyons for losing his job.  Defendant told Johnson that on the all-staff day at the Harold Washington Library, he would stand across the street and shoot her at a distance.  Defendant explained that his training in the armed forces would allow him to shoot like a sniper from a distance.  Johnson testified that defendant recognized that others from the CPL might get in the way and that he might have to shoot them as well.

Johnson reported the conversation to CPL staff.  Johnson also testified that she believed defendant was intoxicated at the time of the conversation.

Danzak-Lyons testified that she was First Deputy Commissioner of the CPL and a public official.  Her duties include human resources, labor relations, grievances and terminations.  Danzak-Lyons testified that defendant was terminated for misconduct.  Danzak-Lyons testified that she did not directly terminate defendant’s employment, but made the decision and directed that the paperwork be done.  Danzak-Lyons stated that defendant had not previously threatened her, but she was aware he had threatened others in the past.

Defendant testified on his own behalf.  Defendant denied threatening Danzak-Lyons.  Defendant claimed that he held Danzak-Lyons in high regard, because she had saved his job a decade earlier.  Defendant stated that Danzak-Lyons was not the person who fired him, as the termination letter was signed by someone else.  

Defendant testified that he and Johnson had discussed a sniper story that was in the news at the time, and that he bragged about his marksmanship skills.  Defendant believed that Johnson may have misconstrued parts of their conversation because she was cleaning while they were talking.

The trial court found defendant guilty, noting that Johnson was a bright, articulate witness with no motive to fabricate the conversation she had with defendant.  The trial court sentenced Muniz to 6 months in the Cook County Jail (time actually served) and 30 months of probation.  As a condition of probation, the trial court ordered that defendant have no contact with Danzak-Lyons, and keep away from all CPL buildings and branches.  Defendant now appeals.

I

Defendant first contends that the State failed to prove that he threatened a public official, contending that Danzak-Lyons is not a public official as defined in the statute creating the offense on which he was convicted.

The statute creating the offense of threatening a public official provides in part as follows:

"(b) For purposes of this Section:

(1) 'Public official’ means a person who is elected to office in accordance with a statute or who is appointed to an office which is established, and the qualifications and duties of which are prescribed, by statute, to discharge a public duty for the State or any of its political subdivisions or in the case of an elective office any person who has filed the required documents for nomination or election to such office. 'Public official’ includes a duly appointed assistant State's Attorney.”  720 ILCS 5/12-9(b)(1) (West 2000).

Whether the trial court has correctly interpreted the provisions of the armed violence statute is a question of law, which this court reviews 
de novo
.  
People v. Davis
, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002).

The State concedes that First Deputy Commissioner of the CPL is not an elective office.  Indeed, the State concedes that the position "is not explicitly delineated by statute ***.”  Nevertheless, the State contends that the conviction may stand because public libraries are created pursuant to statute and "it is a logical inference that numerous offices and positions would need to be created to carry out the library’s public duty of providing a local, public institution of general education.”

Our purpose when construing a statute is to ascertain and give effect to the intent of the legislature; the most reliable indicator of that intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition.  
Davis
, 199 Ill. 2d at 135, 766 N.E.2d at 644.  Moreover, as the State itself notes, criminal or penal statutes are to be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.  
Davis
, 199 Ill. 2d at 135, 766 N.E.2d at 644.

Here the statute expressly refers to "an office which is established, and the qualifications and duties of which are prescribed, by statute ***.”  720 ILCS 5/12-9(b)(1) (West 2000).  The implication the State urges this court to make seems to go well beyond the obvious or literal meaning of the statute.  Neither the position at issue nor its duties are prescribed by statute. The State’s brief cites the statute that provides for the appointment of a board of library trustees.  75 ILCS 5/4-1 (West 2000).  This would appear to be the type of office to which the statute at issue refers.  The State argues that a 1992 amendment of the statute replaced a list of certain types of officials with the current language, evincing an intent to broaden the class of persons protected.  This seems correct, as the prior version of the statute probably would not have applied (for example) to a library trustee.  However, had the legislature intended to have this statute apply generally to government offices or positions not expressly created by statute, it could have easily done so, but it clearly did not do so.  See 720 ILCS 5/2-17 (West 2000) (defining a "public employee” as "a person, 
other than a public officer
, who is authorized to perform any official function on behalf of, and is paid by, the State or any of its political subdivisions” (Emphasis added.)).

During oral argument, the State suggested that a public official could be identified by looking to whether the position was involved in making policy.  However, the statute makes no such distinction.  Rather, it refers to offices established by statute with duties prescribed by statute.

In sum, as a matter of law, the First Deputy Commissioner of the CPL is not a "public official” as defined by the statute.  Consequently, defendant’s conviction must be reversed.  Given this conclusion, this court need not reach the other issues defendant raised in this appeal.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

GALLAGHER and NEVILLE, JJ., concur.